

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 1, 1971

Hon. W. S. Heatly, Chairman
Appropriations Committee
House of Representatives
P. O. Box 2910
Austin, Texas   78767

Dear Representative Heatly:

Opinion No. M-824

Re: Constitutionality of
House Bill 1480 of the
62nd Leg., R.S. 1971,
creating the State
Budget Commission.

You have requested our opinion on the constitutionality of House Bill 1480 of the 62nd Legislature, R.S., 1971, which creates:

" . . . a State Budget Commission to be com-
posed of the Governor; The Speaker of the House
of Representatives and four (4) members of the
House of Representatives appointed by the Speaker,
one of whom shall be the Chairman of the Appro-
priations Committee and one of whom shall be the
Chairman of the Revenue and Taxation Committee;
and the Lieutenant Governor and four (4) members
of the Senate appointed by the Lieutenant
Governor, one of whom shall be the Chairman
of the Finance Committee and one of whom shall
be the Chairman of the State Affairs Committee."
Subchapter A, Section 1.05, Subdivision (a).

Section 1.07 of Subchapter A creates a State Budget Director.   Section 1.06 of Subchapter A provides:

"(a)   The Commission, or any personnel
under its direction, may inspect the properties,
equipment, facilities, books, records and ac-
counts of, or under the control of, any agency
of the State.

"(b)   The Commission may conduct any hearings
which may be desired in the preparation of the
state budget or the execution of state appro-
priations."

Subdivision (a) of Section 4.01 of Subchapter D provides:

-3990-

"(a)  No funds appropriated by the Legis-
lature to any agency or under the control of any
agency for which appropriations are made by the
Legislature may be expended except in accordance
with the procedures set forth in this Subchapter
D."

Section 4.03 of Subchapter D provides:

"(a)  The Governor shall authorize the ex-
penditure of funds by each agency on a monthly,
quarterly, semiannual, annual or biennial basis,
or any combination thereof.

"(b)  When conditions require and the
Governor deems necessary, the Governor may ap-
prove supplemental authorizations for expendi-
ture to any agency out of any reserve funds or
any other funds available for expenditure.

"(c)  All unencumbered balances remaining
out of any authorization for expenditure shall
not automatically be available to the agency for
subsequent expenditure, but shall be subject to
reassignment by the Governor to reserve status
or to future authorizations for expenditure.

"(d)  To enable the Governor and the Com-
mission to effectively execute the provisions of
this Subchapter D, each agency shall submit to
the Commission financial and program reports at
times, and in the form and manner, required by
the Governor.

"(e)  The Governor may delegate to the
Director the exercise and performance of any
power or duty conferred on the Governor by this
Subchapter D."

It is noted that the State Budget Commission created by
the provisions of House Bill 1480 is to be composed of officers of
the Executive Branch of government and officers of the Legislative
Branch of government.  It is also noted that the Commission con-
stitutes something more than a committee of legislators to study
proposed legislation.  See Terrell v. King, 118 Tex. 237, 14 S.W.2d
786 (1929) and M. K. & T. Railway Co. v. Shannon, 100 Tex. 379, 100
S.W. 138 (1907).

Furthermore, Subchapter D authorizes the Governor to control the expenditure of appropriated funds to each agency in the State of Texas, and Subdivision (e) of Section 4.03 authorizes the Governor to delegate to the Budget Director any power or duty conferred on the Governor by Subchapter D.

Thus the constitutional questions raised are whether the bill violates the provisions of Section 1 of Article II of the Constitution of Texas, providing for separation of powers of the three branches of government; whether the bill constitutes an unlawful delegation of legislative power to appropriate money for the operation of State government; and whether the bill encroaches on the constitutional power of the Governor to present estimates on the amount of money required to be raised by taxation for all purposes.

Section 1 of Article II, Constitution of Texas provides:

"Section 1. The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another; and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

A fundamental principle of American constitutional jurisprudence is expressed by the above quoted provisions. The three departments of government are coordinated with and independent of each other, and none can enlarge, restrict or destroy the powers of the other. Lytle v. Halff, 75 Tex. 128, 12 S.W. 610 (1889); Houston Tap Ry. Co. v. Randolph, 24 Tex. 317 (1859).

In discussing the provisions of Section 1 of Article II of the Texas Constitution, the Supreme Court stated in Langever v. Miller, 76 S.W.2d 1025 (Tex.Sup. 1934):

"The origin of this provision is very well known. It first found expression, at least with clarity and precision, in the writings of Montesquieu, with which the members of the Federal Constitutional Convention of 1787 were familiar, early appeared in

the organic laws of some of the states, and was adopted as a basic principle in the Constitution of the United States in 1787, from which it entered into the Constitutions of nearly all the states, including Texas, both as a republic and as a state. Montesquieu's Spirit of Laws (Collier's Ed.) pp. 151, 152; 12 Corpus Juris, pp. 802, 803, §234; Sayles' Constitutions of Texas, post.

"Under this division of governmental power it is now an established and fundamental principle of constitutional law that the executive cannot exercise either judicial or legislative authority; the judicial department cannot be clothed with executive or legislative power; and the legislative 'magistracy' cannot exercise the functions of either the Executive or the Judicial Departments. 12 Corpus Juris, p. 802 §234 et seq. Corpus Juris, supra, declares: 'The separation of the powers was believed by Montesquieu, by Blackstone, and by American Constitution makers of the eighteenth century to be one of the chief and most admirable characteristics of the English Constitution.'

"A principle which is the very foundation of the government of the United States and of the several states must be deemed one essential to the preservation of the rights and liberties of the people, and should be thoughtfully and faithfully observed by all clothed with the powers of government.

"So important is this division of governmental power that it was provided for in the first section of the first article of the Constitution of the Republic of Texas, and alone it constituted article 2 of each succeeding Constitution. . . ."
76 S.W.2d 1035.

In Attorney General's Opinion O-4609 (1942) it was held that the provisions of House Bill 284, Acts 47th Leg., R.S. 1941, creating a "Joint Legislative Advisory Committee" and prescribing the powers and duties of such committee violated the provisions of Section 1 of Article II of the Texas Constitution for the reason that it attempted to confer executive powers on a committee composed of members of the Legislature. This opinion was cited with

approval in Attorney General's Opinion V-1254 (1951), concerning the validity of various riders in the General Appropriations Bill for the biennium ending August 31, 1953.

A General Appropriations Bill may contain general provisions and details limiting and restricting the use of the funds therein appropriated, if such provisions are necessarily connected with and incidental to the appropriation and use of the funds and if they do not conflict with or amount to general legislation. Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913). Thus it was concluded in Attorney General's Opinion V-1254 (1951) that:

> ". . . In addition to appropriating money and stipulating the amount, manner and purpose of the various items of expenditure, a general appropriation bill may contain any provisions or riders which detail, limit, or restrict the use of the funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and use of the funds, and provided they do not conflict with general legislation."

Such powers regarding making appropriations and restricting the use of such appropriated funds is a legislative power to be exercised by the Legislative Branch and may not be exercised by the Executive Branch.

It is therefore our opinion that the powers conferred on the Governor by the provisions of Section 4.03 constitute an unlawful delegation of legislative power in violation of Section 1 of Article II of the Constitution of Texas. See also Attorney General's Opinion WW-324 (1957) and WW-729 (1959).

> Section 9, Article 4, of the Constitution of Texas makes it the duty of the Governor to present at the commencement of each Regular Session of the Legislature his estimates of the amount of money required to be raised by taxation for all purposes. The provisions of H.B. 1480 requiring the Governor to act in concert with the Commission and in the wake of the Commission's findings, tend to limit, delay and place conditions upon the Governor's free and uninhibited exercise of his mandatory

executive duty under Section 9, Article 4 of the Constitution. The Bill is also unconstitutional in this respect.

In view of the foregoing, it is our opinion that House Bill 1480 grants legislative power in the Executive Department of government and executive power in the Legislative Branch of government, all in violation of Section 1 of Article II of the Constitution of Texas.

## S U M M A R Y

House Bill 1480 of the 62nd Legislature, R.S. 1971, creating the State Budget Commission composed of members of the Executive and Legislative Branches of government, violates the provisions of Section 1 of Article II of the Constitution of Texas for the reason that this bill attempts to grant legislative power to the Executive Department of government and executive power to the Legislative Branch of government.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By _____
NOLA WHITE
First Assistant

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Banks
Roger Tyler
James Broadhurst
James Cowden

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant